

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE SOLANA LP,<br><br>Defendant. | Case No.:  25-cv-3052-AJB-DDL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**(Doc. No. 10)** |

Presently before the Court is Defendant Pinnacle Solana LP's ("Pinnacle") motion to dismiss the complaint. (Doc. No. 10.) Having reviewed the docket in this case, the Court finds the matter suitable for decision without oral argument pursuant to Local Civil Rule 7.1.d.1. The Court **DENIES WITHOUT PREJUDICE** Pinnacle's motion.

Plaintiff served Pinnacle on November 12, 2025. (Doc. No. 3.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Pinnacle was required to file a responsive pleading "within 21 days after being served with the summons and complaint[.]" In this case, that required Pinnacle to file their motion to dismiss on or before December 3, 2025. Because Pinnacle did not file an answer or otherwise respond by that date, Plaintiff filed a request for entry of default against Pinnacle on January 12, 2026. (Doc. No. 4.) The Clerk of Court entered default the following day, on January 13, 2026. (Doc. No. 6.)

1

Also on January 13, 2026, Pinnacle obtained from the Undersigned's staff a hearing date for a motion to dismiss and filed said motion after the Clerk entered default. (Doc. No. 18.) Pinnacle filed a motion to dismiss later that day. (Doc. No. 8.) On January 15, 2026, the Court struck the motion because an attorney of record did not sign the motion to dismiss. (*See* Doc. Nos. 8–9.) Later that same day, Pinnacle filed the instant motion to dismiss. (Doc. No. 10.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "Entry of default cuts off a defendant's rights to appear in the action, file counterclaims, and present a defense." *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13-cv-1395-GPC-BLM, 2014 WL 5465373, at *2 n.1 (S.D. Cal. Oct. 28, 2014) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927)). "A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Transamerica Life Ins. Co. v. Shubin*, No. 11-cv-01958-LJO-SKO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012) (citation omitted). "[A] party in default is generally precluded from participating in the case until the entry of default has been set aside." *Joe Hand Prods., Inc. v. Estrada*, No. 10-cv-02165-OWW-SKO, 2011 WL 1232606, at *1 n.1 (E.D. Cal. Mar. 31, 2011), *adopted*, 2011 WL 1557876 (E.D. Cal. Apr. 25, 2011).

Here, the Clerk of Court entered default before Pinnacle filed its motion to dismiss. (Doc. Nos. 6; 10.) As such, Pinnacle's filing is precluded. *Jellybean Entm't, Inc. v. Usnile LLC*, No. 13-cv-144-IEG-WMC, 2013 WL 3283845, at *3 (S.D. Cal. June 26, 2013) (finding motion for extension of time filed after default to be "precluded"); *Oliver v. All-Pro Bail Bonds, Inc.*, No. 17-cv-1294-AJB-NLS, 2017 WL 11421541, at *1 (S.D. Cal. Aug. 16, 2017) (precluding Defendants' motion to dismiss and request for an extension of time because both were filed after the Clerk of Court entered default). At this juncture, if Pinnacle wishes to defend against the action, its only recourse is to seek to set aside the

2

entry of default. *See* Fed. R. Civ. P. 55(c); *see also United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (setting forth the three factors district courts must consider when assessing whether to set aside entry of default pursuant to Rule 55(c)). For this reason, the Court **DENIES WITHOUT PREJUDICE** Pinnacle's motion to dismiss. (Doc. No. 10.)

   **IT IS SO ORDERED.**

Dated:  January 20, 2026

Hon. Anthony J. Battaglia
United States District Judge

3

25-cv-3052-AJB-DDL